# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRYPHENA E. SANTIAGO,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 1:18-194 |
| JUDGE SHAD CONNELLY, *et al.*,<br>   Defendants. | )<br>)   Magistrate Judge Robert C. Mitchell<br>) |

## **MEMORANDUM OPINION**

Presently before the Court is a motion for leave to proceed *in forma pauperis* (ECF No. 1), along with a complaint (ECF No. 1-1) and accompanying exhibits (ECF Nos. 1-3 – 1-7) filed *pro se* by Plaintiff Tryphena E. Santiago. Plaintiff has consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 1-8).

The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Douris v. Middletown Twp., 293 Fed. App'x 130, 131 (3d Cir. 2008), *quoting* Neitzke v. Williams, 490 U.S. 319, 324 (1989). When reviewing an *in forma pauperis* application the District Court must first determine whether Plaintiff is eligible for pauper status under 28 U.S.C. § 1915(e)(2)(A). If that finding is made, the Court must conduct an independent review of the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

Here, it appears as though Plaintiff has demonstrated a financial eligibility to proceed *in forma pauperis*. (ECF No. 1); see Deutsch, supra. Nonetheless, this Court's independent review of her complaint supports dismissal under Section 1915(e)(2)(B). The United States Supreme Court in Neitzke, held that dismissal based on 28 U.S.C. § 1915 (e)(2) is appropriate when the action is

"based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." 490 U.S. at 327. In order to avoid a dismissal for frivolity under § 1915(d) a complaint must present a colorable legal argument, Dreibelbis v. Marks, 675 F.2d 579, 580 (3d Cir. 1982); see also United States ex rel Walker v. Fayette County, 599 F.2d 573, 575 (3d Cir. 1979) (*per curiam*), with a realistic chance of ultimate success on the merits. Clark v. Zimmerman, 394 F. Supp. 1166, 1178 (M.D. Pa. 1975); Daves v. Scranton, 66 F. R. D. 5, 7 (E. D. Pa. 1975).

Plaintiff's complaint indicates that the basis for federal court jurisdiction is both diversity of citizenship and federal question jurisdiction based upon the "Constitution of the United States 5th amendment" and "put in jeopardy for the same offense twice for an offense that was out of PA jurisdiction." (ECF No. 1-2 at 4). No amount in controversy is listed. Although Plaintiff contends that diversity exists because she is "a citizen of the State of Ohio," throughout her complaint, and on the docket sheet, she lists her address as Erie, Pennsylvania. As Plaintiff and all named Defendants are all citizens of Pennsylvania, this Court clearly lacks diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (providing for the court's original jurisdiction over matters between citizens of different States).

Although she purports to raise a federal question, in her complaint, Plaintiff takes issue with the stewardship of an on-going custody action that is currently being litigated in Erie County, Pennsylvania. (ECF No. 1-1). In her request for relief, she requests the return of her children and punitive damages. Id. In general, Federal courts will not hear divorce and custody cases even if they arise in diversity because of "the virtually exclusive primacy ... of the States in the regulation of domestic relations." United States v. Windsor, 570 U.S. 744, 767 (2013) (citations omitted). Additionally, Federal abstention is required here. See Younger v. Harris, 401 U.S. 37 (1971); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987) (mandating "application of Younger

abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government.").

Moreover, the Eleventh Amendment and the doctrine of judicial immunity operate to bar Plaintiff's suit against Judges Connelly and Kelly, and, arguably, Tina Trahouski in her capacity as supervisor of Erie County's Office of Children and Youth, an agency of the Commonwealth. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 239 (3d Cir. 2005) (holding that "a suit may be barred by the Eleventh Amendment even though a state is not named a party to the action, so long as the state is deemed to be the real party in interest," and extending Eleventh Amendment immunity to Pennsylvania's sixty Judicial Districts); Kentucky v. Graham, 473 U.S. 159, 166 (1985) (holding that a suit against a state official in his or her official capacity is deemed a suit against the state); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000) (finding "[a]ll courts and agencies of the unified judicial system . . . are part of 'Commonwealth government.'").

Accordingly, giving Plaintiff's Complaint the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), this Court determines it is legally frivolous, fails to state a claim, and that the Court lacks subject-matter jurisdiction over this action. Accordingly, this Court will dismiss the complaint pursuant to section 1915 (e)(2) and Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Ordinarily, upon dismissing a complaint a district court must grant the plaintiff the opportunity to amend. However, where, as here, amendment cannot cure the deficiencies of the complaint, the court may dismiss the complaint with prejudice without leave to amend. Grayson

3

v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). Thus, because this Court has determined that the complaint is frivolous, leave to amend is denied.

An appropriate order follows.


Dated: July 12, 2018               /s/ *Robert C. Mitchell*

                                                                                 ROBERT C. MITCHELL
                                                                                 United States Magistrate Judge

Cc:
TRYPHENA E. SANTIAGO
411 E 22nd St.
Erie, PA 16502